ORIGINAL

1   THOMAS F. LANDERS [SBN 207335]
    tlanders@swsslaw.com
2   ADAM R. ROSENTHAL [SBN 246722]
    arosenthal@swsslaw.com
3   SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
4   San Diego, California 92101
    Telephone: (619) 231-0303
5   Facsimile: (619) 231-4755

6   Attorneys for R CONSULTING & SALES, INC.

7

8                 UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10                                          '09 CV 1472 JLS BLM

11  R CONSULTING & SALES, INC., a        CASE NO.
    California Corporation,
12                                       COMPLAINT FOR:
                Plaintiff,
13                                       (1) BREACH OF CONTRACT;
        v.                               (2) STRICT LIABILITY;
14                                       (3) NEGLIGENCE;
    F&L HELICOPTER TRANSPORT, LLC, an    (4) VIOLATION OF CALIFORNIA'S
15  Idaho LLC,                           UNFAIR COMPETITION LAW
                                         (Bus. & Prof. Code § 17200, et seq.); and
16              Defendant.               (5) VIOLATION OF CALIFORNIA'S FALSE
                                         ADVERTISING LAW
17                                       (Bus. & Prof. Code § 17500, et seq.).

18                                       AND

19                                       JURY TRIAL DEMAND

20

21          Plaintiff alleges as follows:

22                            PARTIES

23          1.      Plaintiff R CONSULTING & SALES, INC. ("Plaintiff" or "RCS") is, and at all

24  times relevant was, a corporation organized and existing under the laws of the State of

25  California with its principal place of business in San Diego, California.

26          2.      Plaintiff is informed and believes, and on that basis alleges, that at all times

27  relevant to this dispute, defendant F&L HELICOPTER TRANSPORT, LLC ("Defendant" or

28  "F&L") was a limited liability company organized and existing under the laws of the State of

1  Idaho, with its principal place of business in Bonners Ferry, Idaho.  Plaintiff is informed and

2  believes that Shane Flora is the sole member of F&L and resides in Denver, Colorado.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. § 1332 because this is a dispute

5  between a citizen of a state and a citizen of a foreign state and the amount in controversy

6  exceeds $75,000, exclusive of interest and costs.

7       4.      Venue in this District is proper under 28 U.S.C. § 1391 because a substantial

8  number of the material events giving rise to this claim occurred in this District, Defendant

9  entered into the Agreement on which this action is based in the State of California, has

10  minimum contacts with California, and is subject to personal jurisdiction in this District.

**PRELIMINARY ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

12      5.      RCS is in the business of buying, selling and leasing helicopters and other

13  aircraft to private individuals and business entities throughout Southern California.

14      6.      RCS is informed and believes that F&L is, and during all relevant times was a

15  common carrier, in the business of intrastate and interstate transportation of aircraft,

16  including helicopters.  According to advertisements made on F&L's now defunct website,

17  F&L offers its customers "honest, reliable, careful service" in the transportation of

18  helicopters, and uses "state of the art equipment."  F&L further advertised that the company

19  is "fully insured."

20      7.      In or about June 2008, Plaintiff purchased an Augusta A109A Helicopter (the

21  "Helicopter").

22      8.      Shortly after purchasing the Helicopter, and in reliance on statements made on

23  F&L's website, Plaintiff contacted Defendant to discuss the intrastate shipment of the

24  Helicopter from Chino, California to San Diego, California.

25      9.      On or about November 7, 2008, RCS and F&L entered into a written

26  agreement whereby F&L agreed to transport the Helicopter, as well as its four rotor blades,

27  engine, cowling and exhaust (collectively the "Parts") from Chino, California to San Diego,

28  California (the "Agreement").  As consideration for the Agreement, RCS paid F&L $2,500.  A

1   true and correct copy of the Agreement is attached herein as Exhibit A.

2        10.    Pursuant to the Agreement, on or about November 7, 2008, F&L retrieved the

3   Helicopter and Parts from an airport hangar in Chino, California.  F&L then proceeded to

4   load the Helicopter and Parts onto the company's 35-foot flatbed truck to make the trip to

5   San Diego, California.

6        11.    RCS is informed and believes that while en route to San Diego, F&L parked

7   the flatbed truck in a parking lot adjacent to a motel where Mr. Florea spent the night.

8        12.    RCS is informed and believes that at some time between when F&L parked its

9   truck in the lot and 8:45 the next morning, November 8, 2008, unknown person(s) forcibly

10  entered the truck and Helicopter itself, which was locked, stealing the Parts and damaging

11  the Helicopter.  Following the theft, F&L through its member Shane Florea and RCS filed

12  several incident reports with the County of Riverside Sheriff Department.

13       13.    RCS is informed and believes that the total costs of replacing the Parts and

14  rebuilding the Helicopter is in excess of $750,000.

15       14.    RCS has made numerous demands on F&L and its insurance carriers to

16  reimburse RCS for the stolen Parts.  F&L and its insurance carriers have thus far refused to

17  comply with RCS' demands, thereby necessitating this lawsuit.

18       15.    In addition to the expense of replacing the Parts and repairing the Helicopter,

19  RCS has suffered, and will continue to suffer, damages in excess of $18,000 per month in

20  lost revenue and business opportunities relating to the leasing of the Helicopter, subject to

21  proof.

22                        **FIRST CLAIM FOR RELIEF**

23                        **(Breach of Contract)**

24       16.    RCS incorporates by reference paragraphs 1 through 15 above.

25       17.    RCS has performed all covenants, conditions and promises as required under

26  the Agreement, except those obligations RCS was prevented or excused from performing.

27       18.    Implied in the Agreement is a covenant that F&L would act in good faith,

28  would deal fairly and honestly with RCS, and would do nothing to deprive RCS of the

1  benefit of the Agreement.

2      19.    F&L has materially breached the Agreement and the implied covenant of good

3  faith and fair dealing implied in it by, among other things:

4          a.    Failing to deliver the Helicopter, with all of its Parts, to San Diego,

5              California;

6          b.    Failing to safeguard the Helicopter and its Parts while in F&L's care;

7              and

8          c.    Failing to provide insurance coverage to reimburse RCS for the losses it

9              has sustained.

10      20.    As a direct and proximate result of F&L's material breaches of the Agreement,

11  RCS has suffered consequential, general and special damages (including, without limitation,

12  lost business opportunities and lost profits relating to the leasing of the Helicopter) in the

13  sum of not less than $1,000,000, together with interest thereon at the legal maximum rate,

14  and attorneys' fees and costs, all according to proof.

15                    **SECOND CLAIM FOR RELIEF**

16              **(Strict Liability—Cal. Civil Code § 2194, *et seq.*)**

17      21.    RCS incorporates by reference paragraphs 1 through 20 above.

18      22.    Because at all times F&L acted as an "inland carrier" while shipping the

19  Helicopter within the geographical boundaries of the State of California, it is bound by the

20  provisions of California law, including Cal. Civil Code § 2194, *et seq.*

21      23.    Pursuant to Section 2194, *et seq.*, F&L is strictly liable for all losses sustained

22  by RCS.  Furthermore, the fact that the Parts were stolen from F&L's truck has no bearing

23  whatsoever on F&L's strict liability.

24      24.    As a direct and proximate result of F&L's conduct, RCS has suffered

25  consequential, general and special damages (including, without limitation, lost business

26  opportunities and lost profits relating to the leasing of the Helicopter) in the sum of not less

27  than $1,000,000, together with interest thereon at the legal maximum rate, and attorneys'

28  fees and costs, all according to proof.  Pursuant to California law, F&L is strictly liable to RCS

1 | for all such damages.

2 | **THIRD CLAIM FOR RELIEF**

3 | **(Negligence)**

4 | 25.   RCS incorporates by reference paragraphs 1 through 24 above.

5 | 26.   F&L owed RCS a duty to exercise due care in transporting the Helicopter and

6 | its Parts.

7 | 27.   F&L failed to exercise such due care and negligently and carelessly performed

8 | its services under the Agreement and California law.  Consequently, F&L materially

9 | breached its duty of care to RCS.

10 | 28.   As a direct and proximate result of F&L's negligence, RCS has suffered

11 | consequential, general and special damages (including, without limitation, lost business

12 | opportunities and lost profits relating to the leasing of the Helicopter) in the sum of not less

13 | than $1,000,000, together with interest thereon at the legal maximum rate, and attorneys'

14 | fees and costs, all according to proof.

15 | **FOURTH CLAIM FOR RELIEF**

16 | **(Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200, *et seq.*)**

17 | 29.   RCS incorporates by reference paragraphs 1 through 28 above.

18 | 30.   By and through the conduct alleged above, F&L has engaged in deceptive and

19 | "unlawful" business practices prohibited by California's Unfair Competition Law, as codified

20 | in Business & Professions Code § 17200, *et seq.*

21 | 31.   Specifically, Defendants have violated the following predicate statutes:

22 | a.   Cal. Civil Code § 2194, et seq.; and

23 | b.   Bus. & Prof. Code § 17500, *et seq.*

24 | 32.   As a direct and proximate result of F&L's unfair business practices, RCS has

25 | suffered compensatory, consequential, general and special damages including, without

26 | limitation, payments made by RCS to F&L, licensing fees, taxes, and costs resulting from the

27 | loss of use of the Helicopter, all in a sum believed to exceed $1,000,000, plus interest, in an

28 | amount to be proven at or before trial.  Furthermore, in order to protect itself from F&L's

1  unfair business practices, RCS has also had to employ legal counsel and incur costs

2  associated with this lawsuit.

**FIFTH CLAIM FOR RELIEF**

**(Violation of California's False Advertising Law, Bus. & Prof. Code § 17500, *et seq.*)**

5        33.    RCS incorporates by reference paragraphs 1 through 32 above.

6        34.    F&L's conduct constitutes false and misleading advertising in violation of

7  Business & Professions Code § 17500, *et seq.*, in that F&L promoted and advertised that it

8  provides its customers with "honest, reliable, careful service" in the transportation of

9  helicopters, and uses "state of the art equipment."  F&L further advertised that the company

10  is "fully insured."

11        35.    RCS is informed and believes that promotion and advertising was false and

12  F&L knew it was false.

13        36.    RCS is informed and believes that F&L made that promotion and advertising in

14  reckless disregard of the truth or falsity of their statements.

15        37.    RCS relied on F&L's promotion and advertising in entering into the

16  Agreement.

17        38.    As a direct and proximate result of F&L's false and misleading advertising, RCS

18  has suffered compensatory, consequential, general and special damages including, without

19  limitation, payments made by RCS to F&L, licensing fees, taxes, and costs resulting from the

20  loss of use of the Helicopter, all in a sum believed to exceed $1,000,000, plus interest, in an

21  amount to be proven at or before trial.  Furthermore, in order to protect itself from F&L's

22  false and misleading advertising, RCS has also had to employ legal counsel and incur costs

23  associated with this lawsuit.

**PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff RCS prays for judgment against F&L as follows:

26    **1.**    **As to the First, Second and Third Claims For Relief:**

27          a.    For consequential, general and special damages in an amount exceeding

28             $1,000,000 subject to proof; together with interest thereon at the

P:00483905.5:86473.002

1      maximum legal rate;

2          b.      For costs of suit incurred herein; and

3          c.      For such other and further relief as the Court deems proper.

4      **2.      As to the Fourth and Fifth Claims For Relief:**

5          a.      For consequential, general and special damages in an amount exceeding

6                  $1,000,000 subject to proof, together with interest thereon at the

7                  maximum legal rate;

8          b.      For punitive damages in an amount subject to proof at the time of trial;

9          c.      For costs of suit incurred herein; and

10         d.      For such other and further relief as the Court deems proper.

11     DATED: July 7, 2009                    SOLOMON WARD SEIDENWURM & SMITH, LLP

12

13                                            By:

14                                                THOMAS F. LANDERS
                                                  ADAM R. ROSENTHAL
15                                                Attorneys for R CONSULTING & SALES, INC.

16

17                              **DEMAND FOR JURY**

18         R Consulting & Sales, Inc. demands a jury trial of all claims triable by a jury.

19

20     DATED: July 7, 2009                    SOLOMON WARD SEIDENWURM & SMITH, LLP

21

22

23                                            By:

24                                                THOMAS F. LANDERS
                                                  ADAM R. ROSENTHAL
25                                                Attorneys for R CONSULTING & SALES, INC.

26

27

28

**EXHIBIT A**



# F & L
## Helicopter Transport



*Shane Florea & Fredericka Lederhos*
1-208-946-9596
shane@helicoptertransporting.com

F&L Helicopter Transport, LLC     PO Box F, Bonners Ferry, ID 83805     (208) 946-9596

---

**TO:**      Lance
**VIA:**     skywonders@aol.com
**FROM:**    Shane Florea, Owner
**DATE:**    November 10, 2008
**RE**:      Invoice for Helicopter Transport

Lance,

The cost of transporting 1 Augusta 109 tail # 901DN with additional parts inside helicopter and 4 rotor blades not boxed from Chino, CA to San Diego, CA is $2500.

I would appreciate it if you could transfer the funds into our checking account at Bank of America, routing number 026009593, account number 68812700.

Lance, as always...thank you for being a loyal customer!

Sincerely,

*Shane Florea*

Shane Florea, Owner
F&L Helicopter Transport

---

We go the extra mile for YOU our valued customer!

Jan 30 2009 7:27PM   HP LASERJET FAX                                   p.3

01/21/2009   09:45   12179244124          MONTROSE JIMICKS          PAGE   01

STRAIGHT BILL OF LADING – SHORT FORM – Original – Not Negotiable

Shipper's No. # 1628292

Carrier's No. #

(Name of Carrier) FSL Helicopter Transport         Chino California

Consigned to: RS Consulting & Sales

Destination: San Diego        State/Calif County

Delivery Address: 6851 Querces S

Route        date 11/7/08   from Chino

Delivering Carrier: Shawn Flores

Car or Vehicle Initials: Truck 2   No. Melisa

| Number of Packages | Description of articles, special marks, and exceptions | Weight (Sub. to Correction) | Class or rate | Check column |
|---|---|---|---|---|
| 8.30 PM | Transport 1 Augusta 109 A | | | |
| | Blades – 4 | | | |
| | Misc Pads inside Helicopter | | | |
| | (Engine, cowlings, exhaust) | | | |
| | Chino Calif to San Diego Calif | 2500.00 | | |

C.O.D. charge to be paid by   Shipper ☐   Consignee ☐

Collect On Delivery $_____ and remit to _____

Shipper:

Per:

Carrier.

Per:

Date:

Date:

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
R CONSULTING & SALES, INC., a California Corporation

## DEFENDANTS
F&L HELICOPTER TRANSPORT, LLC, an Idaho LLC

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Colorado
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

PM 4:17

SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas F. Landers [207335], Adam R. Rosenthal [246722]
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA  92101
Tel. (619) 231-0303

Attorneys (If Known)
Paul William Vogel
120 East Lake Street, Suite 313
P.O. Box 1828
Sandpoint, ID  83864-0903
Tel. (208) 263-6386

DEP'Y

09 CV 1472 JLS BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability   ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander   ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability   Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine   **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product   ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability   ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability   ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment   Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/   **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare   ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | **IMMIGRATION** | | Under Equal Access |
| | Employment   ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities -   ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332 and 1391
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  July 7, 2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #  002780   AMOUNT $350 - 7/7/09 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.        (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.        Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.        Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.        Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.        Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.        Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: <u>47 USC 553</u>
                        Brief Description: <u>Unauthorized reception of cable service</u>

**VII.        Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.        Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002780
Cashier ID: bhartman
Transaction Date: 07/07/2009
Payer Name: NATIONWIDE LEGAL
----------------------------------
CIVIL FILING FEE
 For: R CONSULTING V FANDL HELICOPTE
 Case/Party: D-CAS-3-09-CV-001472-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 109973
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```